IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO G.S.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, CALIFORNIA CITY IMMIGATION PROCESSING CENTER, et al.,<br><br>Respondents. | Civil No. 1:26-cv-04677-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 216-027-746 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jose Antonio G.S.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. He originally entered the United States in 1998 and remained in the country until he voluntarily returned to Mexico in connection with immigration proceedings. *Id.* at pg. 9; Dkt. No. 6-1, at pg. 3. He reentered the United States shortly thereafter and has remained here ever since. *Id.*

In September 2018, Petitioner was arrested by United States Customs & Border Patrol agents and placed into removal proceedings. Dkt. No. 6-1, at pg. 3. After a brief

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

detention, an immigration judge (IJ) ordered him released on $5,000 bond. Dkt. No. 6-3. In a handwritten note on the release order, the IJ set a special condition: "Any subsequent arrest will result in the Bond being revoked. No further Bond." *Id.*

Petitioner was also required to appear for routine check-ins with Immigration & Customs Enforcement (ICE) as a condition of his release. Dkt. No. 1, at pg. 1. And at one such check-in on June 18, 2025, Petitioner was arrested and re-detained by ICE without any opportunity to contest the re-detention. *Id.* Petitioner has remained in immigration custody ever since. Although it is not clear whether Petitioner was informed of the basis for his arrest, the record reflects that ICE arrested Petitioner "due to his violating his immigration bond." Dkt. No. 6-1, at pg. 2. And in briefing before this court, the government submits that the infraction Petitioner was arrested for was a violation of the condition requiring him to avoid future arrests or face bond revocation. Specifically, they contend that Petitioner was arrested in October 2023 (and ultimately convicted) for driving under the influence in Melbourne, Florida. Dkt. No. 6; *see also* Dkt. Nos. 6-1, 6-2. Based on this arrest, immigration authorities revoked Petitioner's bond and arrested him in June 2025.

Petitioner does not dispute that he was arrested and convicted (via a no contest plea) of driving under the influence in 2023; to the contrary, he candidly acknowledges that his "criminal history is an important issue to [his] case" and that he does "not want to hide or minimize [his] past mistakes." Dkt. No. 1, at pg. 14. But he invokes this

court's habeas jurisdiction on the basis that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights. After reviewing the petition, the court informed the parties of its intention to rule directly on the petition and ordered Respondents to show cause whether any factual or legal issues distinguished this case from cases such as *Carlos Eduardo D.J. v. Mullin*, No. 1:26-cv-04029-MWJS, 2026 WL 1508426 (E.D. Cal. May 29, 2026); *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility*, 1:26-cv-03776-MWJS, 2026 WL 1457554 (E.D. Cal. May 21, 2026); *Kallebe C.F.L. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03651-MWJS, 2026 WL 1374754 (E.D. Cal. May 14, 2026); *Sergio D.L.S. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026).

In their response to the court's Order to Show Cause, Respondents assert that this case is indeed distinguishable from the cases cited in the court's order. They argue that Petitioner's October 2023 arrest provided an appropriate basis to revoke his bond at the June 2025 ICE check-in, insofar as it represented a clear violation of the IJ's handwritten release condition. As a result, the government contends, Petitioner must therefore use the procedures available to him under 8 U.S.C. § 1226(a)[2] "to contest DHS's determination that he violated the terms of his existing bond and its revocation

[2] The parties agree that Petitioner was ordered removed on November 13, 2025, and that he timely appealed that order to the Board of Immigration Appeals. Dkt. No. 1, at pg. 13; Dkt. No. 6, at pg. 2. As a result, Petitioner is not currently subject to a final order of removal, and there is no dispute that his detention falls under § 1226(a) rather than § 1231(a), as the government acknowledges. Dkt. No. 6, at pg. 2.

clause—and, if he disputes the custody outcome, . . . must seek review before the IJ and then the BIA." Dkt. No. 6, at pg. 1. In the government's view, these procedures are not only sufficient under the provisions of the Immigration and Nationality Act (INA), but also sufficient to satisfy the requirements of constitutional due process. *See id.* at pg. 3. And that, they argue, is sufficient to distinguish this case from those cited in the court's order and to justify the denial of the petition.

The court thanks Respondents for their timely and well-argued response. Respondents' interpretation of how the INA applies to Petitioner in this case may very well be a reasonable one. But it does not provide a basis to conclude that Petitioner's arrest by immigration authorities was not a due process violation in the first instance. Even assuming that it was appropriate to arrest him for the alleged violation of his release conditions, Respondents have not offered—and the record does not reflect, given that the relevant criminal arrest took place over twenty months before his June 2025 re-detention—any justification for failing to provide Petitioner with pre-deprivation process, even if there were changed circumstances or an individualized basis that might conceivably support his detention.

And so while the court agrees with Respondents that this case is distinguishable from those cases cited in the court's order to show cause, many district judges, both in this district and others, have nonetheless granted relief in cases analogous to this one. *See, e.g.*, *Uriel P.T. v. Warden of the Golden State Annex Detention Facility*, No. 26-cv-04181-

MWJS, 2026 WL 1614090 (E.D. Cal. June 4, 2026); *Vikrant S. v. Warden of Golden State Annex Detention Facility*, No. 26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026); *John M.Z. v. Noem*, No. 1:26-cv-2925, 2026 WL 1125790 (E.D. Cal. Apr. 23, 2026); *Pengling Miao v. Chestnut*, No. 1:26-cv-01271, 2026 WL 947020 (E.D. Cal. Apr. 8, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. And for the reasons stated above, the court concludes that there is no factual or legal basis to distinguish these prior decisions.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count Two. Respondents are ORDERED to immediately release Petitioner Jose Antonio G.S. (A# 216-027-746) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the

community or a risk of flight, and Petitioner shall be allowed to have counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: July 13, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge